STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2024 CA 0974

LATHIN TANNER

VERSUS

EVELYN TANNER MORGAN, WILLIE MORGAN,
THE SUCCESSION OF MAYOLA TANNER,
THE SUCCESSION OF MEARN TANNER,
MILDRED CYPRIAN IN HER OFFICIAL CAPACITY AS
CLERK OF COURT OF THE PARISH OF ST. HELENA

Judgment Rendered: **FEB 26 2025**

* * * * * * *

On Appeal from the 21st Judicial District Court
In and for the Parish of St. Helena
State of Louisiana
Trial Court Docket Number 23494, Div. "B"

Honorable Charlotte Foster, Judge Presiding

* * * * * * *

| | |
|---|---|
| A. Shelby Easterly, III<br>Denham Springs, Louisiana<br>Tom S. Easterly<br>Baton Rouge, Louisiana | Counsel for Defendants/Plaintiffs-in Reconvention/Appellants,<br>Evelyn Tanner Morgan, Willie Morgan, and M&M Community Grocery and Deli, L.L.C. |
| Brandon J. Decuir<br>Corey L. Pierce<br>Ashley J. McCullen<br>Baton Rouge, Louisiana | Counsel for Plaintiff/Defendant-in-Reconvention/Appellee,<br>Lathin Tanner |

* * * * * * *

BEFORE: PENZATO, STROMBERG, AND CALLOWAY,[1] JJ.

---

[1] Judge Curtis A. Calloway, retired, serving pro tempore by special appointment of the Louisiana Supreme Court.

**PENZATO, J.**

The judgment on appeal granted relief in favor of the plaintiff but failed to dispose of the defendants' reconventional demand. Consequently, the judgment is not final and appealable. This court lacks jurisdiction to consider the merits of the appeal and to rule on the peremptory exceptions raised by appellants in this court. The appeal and exceptions are dismissed, and the matter is remanded to the trial court for further proceedings consistent with this opinion.

## FACTS AND PROCEDURAL HISTORY

This petitory action between siblings, Lathin Tanner and Evelyn Tanner Morgan, concerns property in Greensburg, Louisiana. Lathin initiated this proceeding in October 2017 by filing a Petition for Preliminary, Permanent Injunctive Relief, and Cancellation of Donation from the Conveyance Records of the Clerk of Court. Lathin named as defendants Evelyn, Willie Morgan (Evelyn's husband), the Succession of Mayola Tanner (the siblings' mother), the Succession of Mearn Tanner (the siblings' father), and Mildred Cyprian, in her capacity as the Clerk of Court and Recorder for St. Helena Parish. Lathin alleged that he owned and possessed a certain 50 x 100 foot parcel of land, which he acquired in 1993 from M&M Community Grocery, Inc. (through Mearn, as president of the corporation). However, Evelyn recorded a donation in 2010 wherein Mearn and Mayola purportedly donated land, including the parcel owned by Lathin, to Evelyn. Lathin sought cancellation of the donation and injunctive relief, preventing Evelyn and Willie's continued interference with his peaceful possession and ownership.

Evelyn, Willie, and both successions, represented by Evelyn as independent testamentary executrix, answered Lathin's petition in November 2017.[2] Evelyn and Willie alleged they possessed as owners two parcels of land, including the buildings

---

[2] At trial, Evelyn orally moved to be substituted in place of the successions, averring both were closed.

and improvements thereon, through an act of donation executed by Mearn and Mayola. One of the parcels claimed was the same tract described in Lathin's petition. Evelyn and Willie also asserted a reconventional demand against Lathin, seeking to maintain possession of the property and seeking injunctive relief prohibiting Lathin's continued interference with their possession and operation of a "country store" located on the property. They also sought an award of damages for "anguish, harassment and intentional inflection of emotional distress[,]" which they allegedly suffered as a result of Lathin's actions. The pleading also included an intervention by M&M Community Grocery and Deli, L.L.C. ("M&M"), a limited liability company represented by Evelyn and Willie, its sole members and managers. M&M sought damages for Lathin's "intentional interference and the resulting loss of income[.]" Evelyn, Willie, and M&M are sometimes collectively referred to as "the defendants."

In March 2020, the trial court granted Evelyn and Willie's motion for partial summary judgment, recognizing that Lathin judicially confessed their possession of the property, thus converting this proceeding into a petitory action.[3] This motion did not dispose of any other claims asserted by Evelyn and Willie or by M&M against Lathin.

A bench trial was held in September 2022. After the close of evidence and testimony, the trial court took the matter under advisement. In a written judgment signed on February 27, 2023, the trial court ruled that Lathin proved ownership of property described as:

> A certain piece or parcel of land located in the Southeast Corner of the following described 17.25 acres, said lot or parcel of land measuring 100 feet east and west by 50 feet north and south.

---

[3] In *Tanner v. Morgan*, 2018-1719 (La. App. 1st Cir. 7/10/19), 280 So.3d 1237, this court reversed the first judgment granting the motion for partial summary judgment and remanded the matter to the trial court for consideration of peremptory exceptions raised by Lathin in response to the reconventional demand. On remand, the exceptions were denied in a judgment signed on January 20, 2020.

The judgment further stated that Lathin acquired ownership of the subject land, including buildings and improvements, from M&M Community Grocery, Inc., and also acquired just title through ten-year and thirty-year acquisitive prescription. The trial court subsequently denied the defendants' motion for new trial, and the defendants filed this appeal.

## JURISDICTION

The February 27, 2023 judgment does not dispose of the reconventional demand asserted by Evelyn, Willie, and M&M against Lathin. The record does not otherwise contain a judgment dismissing or ruling on the merits of the reconventional demand. After considering the pertinent Code of Civil Procedure articles and this court's jurisprudence, we conclude this court lacks jurisdiction over the appeal and exceptions raised in this court.[4]

An appellate court cannot determine the merits of an appeal unless its appellate jurisdiction is properly invoked by a valid final judgment. *Triton Diving Services, LLC v. Offshore Marine Service Association, Inc.*, 2023-0169 (La. App. 1st Cir. 9/21/23), 372 So.3d 832, 836. Because the reconventional demand is pending, the February 27, 2023 judgment only partially determines the merits of the action and is only appealable if authorized by La. C.C.P. art. 1915. See *Louisiana Workers' Compensation Corp. v. Sims*, 2014-1378 (La. App. 1st Cir. 4/24/15), 2015 WL 1882608, *3 (unpublished). Louisiana Code of Civil Procedure article 1915(A)(4) provides that a final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for or may not adjudicate all of the issues in the case, when the court signs a judgment on either the principal or incidental demand when the two have been tried separately as provided by La. C.C.P. art. 1038.

---

[4] Appellate courts have the duty to examine subject matter jurisdiction *sua sponte,* even when the parties do not raise the issue. *Bayou Manchac Holdings, LLC v. Iberville Parish Council*, 2023-0446 (La. App. 1st Cir. 12/14/23), 380 So.3d 635, 638.

4

Evelyn and Willie's compulsory reconventional demand was asserted pursuant to La. C.C.P. art. 1061(B), and M&M intervened by joining with the plaintiffs-in-reconvention. See La. C.C.P. arts. 1033 and 1091. Lathin's principal demand and Evelyn, Willie, and M&M's reconventional demand were not tried separately, nor could they have been, considering the interconnected, dependent nature of the claims. By granting the relief prayed for by Lathin, the trial court implicitly denied the relief sought in the reconventional demand. However, the judgment is silent as to the reconventional demand and does not dismiss or otherwise dispose of the claims asserted by Evelyn, Willie, and M&M. See Sims, 2015 WL 1882608, *3 (dismissing the appeal upon concluding subject matter jurisdiction did not exist in a substantially similar situation).[5] Thus, the February 27, 2023 judgment does not meet the criteria of La. C.C.P. art. 1915(A) and is not a final, appealable judgment. It likewise does not contain a certificate pursuant to La. C.C.P. art. 1915(B).[6]

For judicial efficiency, we note the defendants' assertion that the February 27, 2023 judgment does not precisely define the immovable property at issue.[7] "All final judgments which affect title to immovable property shall describe the immovable property affected with particularity." La. C.C.P. art. 1919; see also La. C.C.P. art. 2089. During the hearing on the defendants' motion for new trial, which

---

[5] In Sims, 2015 WL 1882608 at *2-3, the trial court implicitly denied the defendants' claim that the plaintiff overcharged them for premiums, asserted in a reconventional demand, by granting the plaintiff's motion for summary judgment for unpaid premiums and late fees. However, the judgment was silent as to the reconventional demand. A certification that the judgment was final under La. C.C.P. art. 1915(B) was required where the principal demand and the reconventional demand both concerned the "issue" of premium payments, and the judgment seemingly disposed of that issue, yet failed to dismiss or otherwise dispose of the reconventional demand. See Qasem v. Acadian Apartments, Inc., 2017-1591 (La. App. 1st Cir. 6/1/18), 252 So.3d 1, 3 n.5, discussing Sims, 2015 WL 1882608.

[6] The February 27, 2023 judgment states, without explanation, "This is a FINAL JUDGMENT[.]"

[7] We also note the February 27, 2023 judgment does not contain "the name of the party against whom the relief is awarded" and would be scrutinized under La. C.C.P. art. 1918(A) if it were a final, appealable judgment. Finally, we observe that Mildred Cyprian was named as a defendant. It is unclear from the record whether she was served; however, she did not make an appearance. Yet, the record does not contain a voluntary dismissal of the claims against Ms. Cyprian, in her capacity as the Clerk of Court and Recorder for St. Helena Parish. See La. C.C.P. art. 1671.

was, in part, based on this issue, the parties and the trial court agreed the judgment should be amended to include a sufficient legal description. An amended judgment was to be prepared and circulated. However, the record does not contain an amended judgment, and the motion for new trial was denied in its entirety in a judgment signed on December 4, 2023. Nevertheless, when a judgment is not final for the purpose of an immediate appeal, it may be revised at any time prior to rendition of the judgment adjudicating all of the claims and the rights and liabilities of all the parties. La. C.C.P. art. 1915(B)(2); *Bayou Manchac Holdings, LLC v. Iberville Parish Council*, 2023-0446 (La. App. 1st Cir. 12/14/23), 380 So.3d 635, 638.

## DECREE

For the above and foregoing reasons, we dismiss the appeal of the February 27, 2023 judgment and dismiss the peremptory exceptions raised in this court by the defendants. The matter is remanded to the trial court for further proceedings consistent with this opinion. Costs of this appeal are assessed to Evelyn Tanner Morgan, Willie Morgan, and M&M Community Grocery and Deli, L.L.C.

**EXCEPTIONS DISMISSED; APPEAL DISMISSED.**